UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **CAT 5 PRO L L C** | **CASE NO. 2:23-CV-01703** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **STATE FARM FIRE & CASUALTY CO** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the court is a Motion to Remand [doc. 8] filed by plaintiff Cat 5 Pro LLC, who also seeks costs and attorney fees incurred with this removal. Defendant State Farm Fire & Casualty Company opposes the motion. Doc. 11.

## I.
### BACKGROUND

This suit arises from Hurricane Laura and Hurricane Delta damage to a residence at 3321 Landfair Street, Lake Charles, Louisiana. The residence is owned by the estate of Bobby Shelton and was insured at all relevant times under a policy issued by State Farm. Cynthia Frisbie, as executor of the estate, filed suit in this court on October 16, 2021, alleging that State Farm failed to timely or adequately pay for covered losses under the policy. *Frisbie v. State Farm Fire & Cas. Co.*, No. 2:21-cv-3658 (W.D. La.), at doc. 1. On August 16, 2022, with the *Frisbie* suit still pending, Cat 5 Pro LLC ("Cat 5") filed suit against State Farm in this court based on mitigation work it did at the Shelton residence. *Cat 5 Pro LLC v. State Farm Fire & Cas. Co.*, No. 2:22-cv-2741 (W.D. La.), at doc. 1. Cat 5 alleged that Ms. Frisbie had assigned her rights under the policy to Cat 5, and that it was

still owed $69,625.27 (taking into account a payment of $16,657.42) from State Farm in unpaid invoices for the work it completed at the property. *Id.* Accordingly, it raised claims of breach of contract and bad faith under Louisiana law.

The two suits proceeded through the Case Management Order for first-party hurricane claims but did not resolve. They were consolidated at State Farm's motion and have been set for jury trial before the undersigned on January 29, 2024. *Frisbie*, No. 2:21-cv-3658, at doc. 30. On September 26, 2023, the undersigned dismissed Cat 5's bad faith claims on the grounds that these had not been validly assigned by Ms. Frisbie. Docs. 43, 44. On November 17, 2023, Cat 5 filed suit against State Farm in the Fourteenth Judicial District Court, Calcasieu Parish, Louisiana. Doc. 1, att. 1. There it raised bad faith, breach of contract, detrimental reliance, and fraud claims under Louisiana law against the insurer based on the $69,625.27 in unpaid invoices for its work on the property at 3321 Landfair Street. It also asserted that the amount in controversy "does not exceed $75,000." *Id.* at 1.

State Farm removed the suit to this court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. Cat 5 now requests remand of the case and attorney fees incurred as a result of an improper removal, asserting that the amount in controversy requirement is not met because it has pled the case under $75,000. Doc. 8. State Farm opposes the motion, arguing that this cursory assertion is ineffective and that the court must exercise jurisdiction over Cat 5's claims. Doc. 11.

## II.
## LAW & APPLICATION

Federal courts are courts of limited jurisdiction, possessing "only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Under 28 U.S.C. § 1441(a), a party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction. The removing party bears the burden of showing that jurisdiction exists and that removal was procedurally correct. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). In making its determination the court considers the claims as they existed at the time of removal and construes ambiguities in favor of remand. *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

Federal courts have original jurisdiction over all suits between citizens of different states where the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs[.]" Here the diversity of citizenship requirement is met but plaintiff asserts that the amount in controversy does not exceed $75,000. Accordingly, the removing defendant may prove that amount by "demonstrating that the claims are likely above $75,000 in sum or value, or setting forth the facts in controversy that support a finding of the requisite amount." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882–83 (5th Cir. 2000). The defendant can satisfy this requirement by showing that it is facially apparent from the complaint that the amount in controversy exceeds $75,000.00 or by producing

summary judgment type evidence to this end. *Manguno*, 276 F.3d at 723. If a state statute provides for attorney's fees, those fees are included in the amount in controversy. *Id.*

A plaintiff may avoid removal by tailoring the complaint to preclude federal jurisdiction, including pleading damages below the jurisdictional threshold. *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 387 (5th Cir. 2009). Under Louisiana law, however, plaintiffs are prohibited from pleading a specific amount of damages. La. Civ. Code art. 893. Accordingly, Louisiana plaintiffs wishing to remain in state court and comply with state rules of civil procedure must file "a binding stipulation or affidavit" that establishes to "a legal certainty" that the claim is really for less than the jurisdictional amount. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995) (internal quotations omitted). The filing must be made with the complaint; a post-removal stipulation or affidavit cannot defeat removal jurisdiction unless the basis for jurisdiction is ambiguous at the time of removal. *Id.* (citing *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992)); *Needbasedapps, LLC v. Robbins*, 926 F.Supp.2d 919, 930 (W.D. Tex. 2013) (citing *Gebbia*, 233 F.3d at 883). The stipulation must also be irrevocable on plaintiff's part. Otherwise the Fifth Circuit rejects attempts by plaintiffs to "manipulate their state pleadings to avoid federal court while retaining the possibility of recovering greater damages in state court following remand." *De Aguilar*, 47 F.3d at 1411.

Cat 5's allegation that the "amount in controversy does not exceed $75,000" is not binding or irrevocable. Though it now indicates a willingness to stipulate to damages below this amount, no such stipulation was filed before removal. And from the face of the complaint, it is facially apparent that Cat 5's claims exceed the jurisdictional threshold.

The state court complaint includes claims for (1) breach of contract based on failure to pay nearly $70,000.00 in invoices, (2) bad faith, and (3) attorney fees. Louisiana's bad faith statute, La. Rev. Stat. 22:1892, provides for attorney fees and the potential recovery of same is thus included in deciding whether plaintiff will meet the jurisdictional threshold. Accordingly, State Farm has met its burden of showing that removal jurisdiction exists.

### III.
#### CONCLUSION

For the reasons stated above, the Motion to Remand [doc. 8] will be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on the 4th day of January, 2024.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**